UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL MARTIR,

    Petitioner,

v.

A. LIZARRAGA, Warden,

    Respondent.

Case No. 15-cv-00948-HSG (PR)

**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. No. 2

## INTRODUCTION

Petitioner, an inmate at Mule Creek State Prison in Ione, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## BACKGROUND

The petition and attachments thereto provide the following information: In 2012, in San Francisco County Superior Court, petitioner was convicted by a jury of sexual assault. He was sentenced to 24 years to life in state prison. In 2014, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Petitioner did not seek habeas relief in state court. The instant action was filed on March 2, 2015.

## DISCUSSION

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.      Claims**

As grounds for federal habeas relief, petitioner claims that: (1) the trial court erred in admitting at trial the victim's preliminary hearing testimony; and (2) the trial court erred in admitting at the trial the victim's statements to a nurse made during a sexual assault examination.  Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  Petitioner's *in forma pauperis* application (Dkt. 2) is GRANTED.

2.  The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3.  Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

4.  Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

1 Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight**
2 **(28) days** of the date the motion is filed, and respondent shall file with the Court and serve on
3 petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4     5. Petitioner is reminded that all communications with the Court must be served on
5 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep
6 the Court informed of any change of address and must comply with the Court's orders in a timely
7 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
8 to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.
9 1997) (Rule 41(b) applicable in habeas cases).

10     6. Upon a showing of good cause, requests for a reasonable extension of time will be
11 granted provided they are filed on or before the deadline they seek to extend.

12 This order terminates Docket No. 2.

13 **IT IS SO ORDERED.**

14 Dated: 5/19/2015

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

3